IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| VERLICIA J. CHAMBLIN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:21-cv-00091-RAH-SMD |
| AUBURN UNIVERSITY, | ) ) ) |
| Defendant. | ) ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Verlicia J. Chamblin ("Chamblin") filed this pro se employment discrimination action against her former employer, Auburn University ("Auburn"). (Doc. 1). Chamblin's Amended Complaint asserts claims of: (1) race discrimination in violation of Title VII of the Civil Rights Act of 1964 (Doc. 2) pp. 1-3; and (2) termination in violation of Chamblin's First Amendment rights pursuant to 42 U.S.C. § 1983. (Doc. 2) pp. 6-9.

Before the Court is Auburn's Motion for Summary Judgment (Doc. 39), Chamblin's responses in opposition to the motion (Docs. 44, 45), and Auburn's reply (Doc. 46). Auburn's Motion for summary judgment is due to be GRANTED because Chamblin failed to timely exhaust her Title VII claim, and her § 1983 claim is barred by Eleventh Amendment immunity.

## I.    FACTUAL RECORD

In 2020, Chamblin was employed by Auburn as a Development Officer II working in the College of Veterinary Medicine. Turner Decl. (Doc. 40-1) p. 5. Chamblin's position

required her to plan, organize, manage, execute, and assist with fundraising-related projects, programs, and activities under the supervision of other development officials. *Id.* at 3. One of Chamblin's fundamental responsibilities was the completion of written donor agreements in a timely manner. Jones Decl. (Doc. 40-2) p. 7-8. On February 14, 2020, Chamblin received a "final written reprimand" from her supervisor concerning her failure to complete donor agreements in a professional and timely manner. Final Reprimand (Doc. 40-3) pp. 2-4.

Two weeks after receiving the written reprimand, Chamblin was involved in an incident at the Atlanta airport. Chamblin Depo. (Doc. 40-6); Jones Decl. (Doc. 40-2) p. 10. While traveling on fundraising business and representing Auburn, Chamblin was detained by the Atlanta Police after her firearm was discovered in her purse in the airport. Jones Decl. (Doc. 40-2) p. 10. Chamblin posted details about this incident on Facebook, writing there that she got to "take a ride with two of Atlanta's finest to the precinct." Facebook Post (Doc. 40-2) p. 28. In response to one of the comments on her Facebook post, Chamblin wrote: "they gave [the gun] back but took my bullets. I told the captain those are five poor bullets that will never get to see their full potential." *Id.* at 35.

Chamblin's supervisors viewed the airport incident and the subsequent Facebook post and comments as potentially damaging to the reputation of Auburn and its development efforts. Jones Decl. (Doc. 40-2) p. 10. On March 16, 2020, Chamblin was placed on administrative leave. Jones Letter (Doc. 40-2) p. 48. On March 24, 2020, Chamblin was terminated. Jones Decl. (Doc. 40-2) p. 11.

More than 180 days later, on September 29, 2020, Chamblin filed a charge of employment discrimination (the "charge") with the Equal Employment Opportunity Commission ("EEOC") pursuant to 42 U.S.C. 2000e-5. Chamblin Depo. (Doc. 40-6) p. 5-6. Chamblin's EEOC charge alleged discriminatory acts taking place between February 14 and March 14, 2020. EEOC Charge (Doc. 40-4) p. 2. This September 29 charge was the only employment discrimination charge Chamblin filed with the EEOC. Chamblin Depo. (Doc. 40-6) p. 5-6. The EEOC issued Chamblin a right to sue letter, and Chamblin filed this pro se action alleging employment discrimination in violation of Title VII against Auburn on February 3, 2021. EEOC Letter (Doc. 40-5); Compl. (Doc. 1).

In addition to her Title VII claim, Chamblin brings a 42 U.S.C. § 1983 claim alleging that Auburn violated her First Amendment rights by retaliating against her for her Facebook posts and comments. Am. Compl. (Doc. 2).

## II.   JURISDICTION

This Court has jurisdiction over Chamblin's Title VII and § 1983 claims under its federal question jurisdiction. 28 U.S.C. § 1331; *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 515 (2006).

## III.   STANDARD OF REVIEW

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party seeking summary judgment bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a

3

genuine issue for trial. *Id.* at 323. If the moving party satisfies this burden, the non-moving party must come forward with record evidence showing that a material fact is genuinely in dispute. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The legal elements of a claim or defense determine which facts are material and which are irrelevant. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

A court must view the proffered evidence in the light most favorable to the nonmovant and resolve all reasonable doubts about the facts in the nonmovant's favor. *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234,1242-43 (11th Cir. 2001). But a party opposing summary judgment must do more that offer "mere conclusions and unsupported factual allegations" to defeat a motion for summary judgment. *Bald Mountain Park, Ltd. v. Oliver*, 863 F.2d 1560, 1563 (11th Cir. 1989). Summary judgment is proper unless there is a factual dispute that is genuine based upon evidence "such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248.

Although factual inferences must be drawn in favor of the non-moving party and pro se pleadings are entitled to a liberal interpretation, a litigant's pro se status does not allow her to escape the essential burden on summary judgment of establishing a genuine dispute concerning a material fact. *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). On summary judgment, a pro se plaintiff must still adduce evidence sufficient to establish the essential elements of her claims. *Id.*

4

IV.     **ANALYSIS**

    A.     **Chamblin's Title VII Claim is Time Barred.**

Auburn argues that Chamblin's Title VII claim is time barred. (Doc. 40) p. 16-17. Federal law requires that any person alleging a Title VII claim must, before seeking judicial relief, file an administrative charge with the EEOC no more than 180 days after the last alleged discriminatory and unlawful employment practice. 42 U.S.C. § 2000e-5(e). *Id*. Failure to timely file an administrative charge within 180 days requires the court to dismiss the Title VII claims as a matter of law. *See Jones v. West Ga. Health Sys., Inc.*, 255 F.3d 1304, 1305 (11th Cir. 2001) (affirming district court's dismissal of the plaintiff's Title VII claims for failure to timely file an administrative charge with the EEOC within 180 days of the alleged unlawful employment practice).

Chamblin filed her charge with the EEOC on September 29, 2020, alleging unlawful and discriminatory acts taking place between February 14 and March 14, 2020. EEOC Charge (Doc 40-4).  The 180-day deadline for filing from the last alleged discriminatory act of March 14, 2020, was September 10, 2020.  Chamblin missed this deadline by 19 days, and she concedes this in her deposition testimony. Chamblin Depo. (Doc. 40-6) p. 5-6.

Chamblin argues, however, that her failure to file within the 180-day statutory window should be excused because the COVID-19 pandemic contributed to delays in her communications with the EEOC. Resp. (Doc. 45) p. 12-13. Chamblin seems to request that the Court equitably toll the 180-day deadline in light of general delays and communication issues with the EEOC caused by the pandemic. But in order to be entitled to equitable

5

tolling, Chamblin has the burden of establishing that "extraordinary circumstances" caused her failure to file her charge in a timely manner. *Motta, ex rel. A.M. v. United States*, 717 F.3d 840, 846 (11th Cir. 2013).

The only circumstances Chamblin identifies contributing to her late filing are the COVID-19 pandemic and an EEOC failure to return one of her calls as scheduled by the EEOC. (Doc. 45) pp. 12-13. A similar argument for equitably tolling the filing deadlines because of the COVID pandemic was recently considered and rejected in *Milner v. City of Montgomery, Alabama*, 2021 WL 218728, at *3 (M.D. Ala. Jan. 21, 2021) (Thompson, J.). In *Milner*, an ADA plaintiff argued that the COVID-19 pandemic contributed to delays in filing his charge with the EEOC.[1] *Id.* This Court rejected the equitable tolling argument after noting that the EEOC accepted charges during the pandemic even when EEOC offices were closed, and that the EEOC released specific instructions on the process for filing charges during the pandemic. *Id.* The undersigned rejects Chamblin's equitable tolling argument based on the COVID pandemic for the same reasons. Additionally, the undersigned finds that the EEOC's failure to return a scheduled call with Chamblin does not establish the requisite extraordinary circumstances to toll the filing of Chamblin's EEOC charge.

Accordingly, Chamblin's Title VII claims are barred because she failed to timely exhaust her administrative remedies under 42 U.S.C. § 2000e-5(e) and equitable tolling does not apply.

---

[1] The ADA has the same 180-day deadline for filing a charge with the EEOC as Title VII. *Maynard v. Pneumatic Prods. Corp.*, 256 F.3d 1259, 1262 (11th Cir. 2001).

### B. Chamblin's § 1983 First Amendment Claims

Chamblin's only remaining claim is a § 1983 claim alleging that Auburn violated her First Amendment rights by terminating her based, in part, on statements she posted on Facebook. Am. Compl. (Doc. 2) pp. 6-9. She seeks compensatory and punitive damages. *Id.* at p. 7. Auburn argues that Chamblin's § 1983 claim is barred by the Eleventh Amendment. Mot. (Doc. 40) p. 25.

The Eleventh Amendment provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against any one of the United States by citizens of another state[.]" U.S. Const. amend. XI. The Supreme Court has long recognized that the amendment embodies the principle that the States' sovereign immunity is a constitutional limitation on Article III's federal judicial power, and it bars suit in federal court against a nonconsenting state by any private party, including the state's own citizens. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984).

Alabama's sovereign immunity is found in the Declaration of Rights within its constitution which provides that "the State of Alabama shall never be made a defendant in any court of law or equity." Ala. Const. 1901 Art. I, § 14. The Alabama Supreme Court has repeatedly held that this provision "'affords the State and its agencies an 'absolute' immunity from suit in any court.'" *Ex parte Ala. Dep't of Transp.*, 978 So. 2d 17, 22 (Ala. 2007) (quoting *Haley v. Barbour Cnty.*, 855 So. 2d 783, 788 (Ala. 2004)). The Eleventh Circuit describes this immunity as "'nearly impregnable.'" *Stroud v. McIntosh*, 722 F.3d

1294, 1303 (11th Cir. 2013) (quoting *Patterson v. Gladwin Corp.*, 835 So. 2d 137, 142 (Ala. 2002)).

The Alabama Supreme Court recognizes four exceptions to the State's sovereign immunity. *Latham v. Dep't of Corrs.*, 927 So. 2d 815, 821 (Ala. 2005). State officials are not immune from actions that: (1) seek to compel them to perform their legal duties; (2) seek to enjoin them from enforcing unconstitutional laws; (3) seek to compel them to perform ministerial acts; or (4) seek a declaration construing a statute under Alabama's Declaratory Judgments Act, ALA. CODE § 6-6-220 *et seq* (1975). *Id.* In general, the State retains its immunity from any lawsuit that would "result in the payment of money from the State." *Id.* Chamblin's § 1983 claim here seeks money damages, and none of these exceptions apply.

It is well-established that Auburn University is an agency of the State of Alabama that enjoys sovereign immunity under the Eleventh Amendment. *See, e.g.*, Ala. Const. art. XIV, § 266; *Jurriaans v. Ala. Coop. Extension Sys.*, 2017 WL 3902571, at *2 (M.D. Ala. Aug. 7, 2017) ("The law is clear that state universities in Alabama are considered an agency or instrumentality of the state."); *Price v. Univ. of Ala.*, 318 F. Supp. 2d 1084, 1088 (N.D. Ala. 2003) ("The question of whether an Alabama university is an agency or instrumentality of the state and thus immune from suit has been answered in the affirmative on a number of occasions."); *Gulf State Park Auth. v. Gulf Beach Hotel, Inc.*, 22 So. 3d 432, 435 (Ala. 2009) (holding Auburn University is the "state" under Ala. Const. art. I, § 14). Accordingly, Chamblin's § 1983 claim is barred by Eleventh Amendment immunity.

## IV.   CONCLUSION

For the above-stated reasons, it is the

RECOMMENDATION of the undersigned Chief United States Magistrate Judge that Auburn's motion for summary judgement (Doc. 39) be GRANTED and that Chamblin's Amended Complaint (Doc. 2) be DISMISSED in its entirety WITH PREJUDICE. It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before February 21, 2023**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 7th day of February, 2023.

_____
Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE