IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| VERLICIA J. CHAMBLIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:21-cv-91-RAH-SMD |
| ) | [WO] |
| AUBURN UNIVERSITY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OPINION and ORDER**

Plaintiff Verlicia J. Chamblin filed a pro-se employment discrimination action against her former employer, Auburn University, on February 1, 2021. Auburn filed a *Motion for Summary Judgment* on June 8, 2022. (Doc. 39.) On February 7, 2023, the Magistrate Judge recommended the *Motion for Summary Judgment* be granted, specifically finding that Chamblin's Title VII claim is time barred and that her 42 U.S.C. § 1983 First Amendment claims are barred by sovereign immunity. (Doc. 48.) On February 20, 2023, Chamblin filed *Objections to the Recommendation of the Magistrate Judge*. (Doc. 49.) The Court has independently reviewed the file and reviewed, *de novo*, the Objections and Recommendation. *See* 28 U.S.C. § 636(b). Upon this Court's review and consideration of the arguments set forth in the

Objections, and for the reasons that follow, the Court agrees with the Magistrate Judge's findings and analysis.

## STANDARD OF REVIEW

When a party objects to a magistrate judge's report and recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). "[A] district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge." *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009).

*De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990). If the party does not object to specific factual findings, the court reviews them only for clear error. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

## DISCUSSION

Chamblin objects to the Magistrate Judge's recommendation, asserting that her EEOC charge was not time-barred on account of her own actions and that she is

eligible for equitable tolling.[1]  Auburn responds to Chamblin's objections, asserting that Chamblin fails to present any extraordinary circumstances that would entitle her to relief under the doctrine of equitable tolling.  The Court agrees with Auburn and will adopt the Magistrate Judge's recommendation.

As a condition precedent to filing a Title VII suit in federal court, a plaintiff must first exhaust her administrative remedies by filing a charge with the EEOC.  *See Forehand v. Fla. State Hosp. at Chattahoochee*, 89 F.3d 1562, 1567 (11th Cir. 1996); 42 U.S.C. § 2000e-5(e)(1).  In Alabama, a plaintiff is limited to filing her charge within 180 days after the alleged unlawful employment practice occurred, and failure to do so "generally results in a bar of the claims contained in the untimely charge." *Reed v. Winn Dixie, Inc.*, 677 F. App'x 607, 610 (11th Cir. 2017) (citing *Alexander v. Fulton Cnty., Ga.*, 207 F.3d 1303, 1332 (11th Cir. 2000)). However, this statute of limitations is subject to the doctrine of equitable tolling. *Zipes v. Trans World Airlines,* 455 U.S. 385, 393 (1982).  "[E]quitable tolling 'is an extraordinary remedy which should be extended only sparingly.'"  *Wakefield v. Cordis Corp.*, 211 F. App'x 834, 836 (11th Cir. 2006) (quoting *Bost v. Fed. Express Corp.,* 372 F.3d 1233, 1242 (11th Cir. 2004)).  "Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both

---

[1] Chamblin also raises objections to some of the Magistrate Judge's factual summary.  However, the Court finds they are unrelated to whether Chamblin's Title VII claim is time-barred and, thus, review of the factual objections is unnecessary to the final outcome of this matter.

beyond [her] control and unavoidable even with diligence." *Id.* (quoting *Sandvik v. United States,* 177 F.3d 1269, 1271 (11th Cir. 1999)).

Chamblin argues that she is entitled to equitable tolling because she faced a number of delays in meeting with and receiving information from EEOC officials. However, Chamblin's arguments do not rise to the high bar necessary for by equitable tolling.  As Auburn points out in its response brief, Chamblin received her revised charge document from the EEOC on September 18, 2022, yet waited until September 29, 2022 to file.  The Court recognizes that the Magistrate Judge calculated the deadline for filing an EEOC charge as September 10, 2022, yet both parties dispute that date, with Chamblin arguing that the deadline was not until September 22, 2022.  Even if that deadline were accurate, the fact remains that Chamblin waited until September 29, 2022 to file her EEOC charge, despite having the amended charge document to file eleven days prior.  "We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving [her] legal rights." *Irwin v. Dep't of Veterans Affs.,* 498 U.S. 89, 96 (1990).  Here the Court sees no rationale for granting such an extraordinary remedy as equitable tolling to save Chamblin's claim when she asserts no rationale for waiting until the statutory deadline passed to file her EEOC charge. Summary judgment is due to be granted in favor of Auburn.

## CONCLUSION

Accordingly, it is ORDERED as follows:

1. The Objections (Doc. 49) are OVERRULED.

2. The Recommendation (Doc. 48) granting Auburn's *Motion for Summary Judgment* (Doc. 39) and dismissing Chamblin's Amended Complaint with prejudice (Doc. 2) is ADOPTED.

3. Auburn's *Motion for Summary Judgment* (Doc. 39) is GRANTED.

4. This case is dismissed with prejudice.

5. A separate judgment will issue.

DONE, on this the 10th day of March, 2023.

_____
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE